**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ERIC M. LEFFLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EASTERN EVENTS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT AND JURY TRIAL DEMAND**

NOW COMES Plaintiff Eric M. Leffler, by and through his undersigned counsel, and complains against Defendant Eastern Events, Inc. as follows:

**INTRODUCTION**

1. This is an action for unlawful age discrimination in employment.

2. Plaintiff was a long-time and successful store manager who was terminated at age 66 and replaced by a substantially younger, and far less experienced individual.

3. Defendant's actions constitute unlawful age discrimination in violation of the Age discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Maine Human Rights Act, 5 M.R.S. § 4551 et seq. ("MHRA").

4. As a result of Defendant's discriminatory conduct, Plaintiff suffered loss of employment, lost wages and benefits, emotional distress, and other damages.

**PARTIES**

5. Plaintiff Eric M. Leffler is a resident of Portland, Maine.

6. Plaintiff was employed as Store Manager of Handyman Equipment Rental in Portland, Maine from September 2017 until November 29, 2023.

1

7. Defendant Eastern Events, Inc. is a corporation doing business in the State of Maine with a principal place of business in Ellsworth, Maine.

8. Eastern Events, Inc. owns and operates Handyman Equipment Rental in Portland, Maine.

9. At all relevant times, Defendant was an employer within the meaning of the ADEA and MHRA.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331 because this action arises under the ADEA.

11. This Court has supplemental jurisdiction over Plaintiff's state law claim under the MHRA pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the State of Maine. Under Local Rule 3(b), this action is properly filed in Portland because the events at issue occurred in Cumberland County.

13. With respect to Plaintiff's claims under the Maine Human Rights Act ("MHRA") and ADEA, Plaintiff has exhausted all administrative remedies and otherwise met all conditions precedent before commencing suit, including obtaining a "Reasonable Grounds" decision from Maine Human Rights Commission.

## JURY TRIAL DEMAND

14. Plaintiff demands trial by jury on all issues triable to a jury.

## **FACTUAL ALLEGATIONS**

15. Plaintiff has approximately 20 years of experience in the equipment rental industry.

16. Defendant employed Plaintiff as Store Manager of Handyman Equipment Rental ("Handyman") located at 357 Riverside Street in Portland, Maine.

17. Although Plaintiff had been employed by Handyman Equipment Rental since 2017, Defendant acquired the business in or about July 2021. At the time of the acquisition, Defendant retained existing staff.

18. At all times relevant, Plaintiff met or exceeded performance expectations, He successfully managed the store and oversaw employees, operations, and customer relationships.

19. Plaintiff received a score of 96 out of 100 from his supervisor on his 2022 performance evaluation.

20. In January 2023, Plaintiff attended a meeting with Defendant's management in which they discussed, generally, future staffing and succession planning.

21. During the meeting, Plaintiff informed Defendant that he intended to continue working full-time for several more years and had no plans to retire in the near future.

22. On or about May 18, 2023, Plaintiff spoke with Defendant's Vice President, Jake Taylor, about taking additional unpaid vacation time during the winter of 2024 so that he could travel with his wife.

23. During this conversation, Plaintiff mentioned that he would be turning sixty-six later that year.

24. Mr. Taylor expressed surprise when he learned Plaintiff's age.

25. In June 2023, after a counter representative at Handyman was terminated, Defendant indicated that they would advertise to fill the position.

26. Instead, Defendant posted a job advertisement for a Store Manager position – the same position Plaintiff held, and the only such position at Handyman.

27. Mr. Taylor did not inform Plaintiff that he was advertising Plaintiff's position.

28. When an employee informed Plaintiff about the job posting, Plaintiff questioned Mr. Taylor, but his concerns were dismissed.

29. In July 2023, while Plaintiff was on vacation, Defendant interviewed candidates for the store manager position, without Plaintiff's knowledge or involvement.

30. On or about July 20, 2023, Defendant offered the position to a substantially younger individual, approximately thirty-one years old.

31. The individual hired had no equipment rental experience.

32. Despite Plaintiff's existing role as Store Manager, the younger employee was hired into the same position.

33. Defendant gradually increased the younger employee's managerial duties and authority.

34. Defendant instructed Plaintiff to train the younger employee on his job duties.

35. Simultaneously, Defendant began excluding Plaintiff from management discussions and decision-making.

36. In October 2023, Plaintiff sought clarification from human resources regarding reporting relationships but received no meaningful response.

37. Plaintiff expressed concerns that he was being marginalized and excluded from key business decisions.

38. Shortly thereafter, Defendant accused Plaintiff of "planting seeds," suggesting that he was being pushed out of his role.

39. In fact, the opposite was true; longtime customers and staff observed that Defendant was causing Plaintiff to train his replacement. They made numerous remarks that Plaintiff was clearly being pushed out. This was humiliating to Plaintiff, and not something he to which he wished to draw attention, or acknowledge.

40. On or about October 30, 2023, Mr. Taylor informed Plaintiff that he intended to terminate Plaintiff's employment.

41. Mr. Taylor told Plaintiff that he could either leave immediately, or remain until the end of the year when his employment would end.

42. Plaintiff chose to remain employed through the end of the year.

43. Plaintiff had repeatedly informed Defendant that he intended to work several more years.

44. In November 2023, Defendant held management meetings that excluded Plaintiff.

45. Pursuant to Defendant's instructions, Plaintiff continued to train the younger employee on his job duties.

46. On or about November 29, 2023, just after Plaintiff finished training the younger employee on the cycle-billing process, Mr. Taylor informed Plaintiff that his employment had been terminated. He instructed Plaintiff to leave the premises.

47. Plaintiff's position was assumed by the substantially younger employee, hired earlier that year.

48. Defendant replaced plaintiff, a sixty-six-year-old manager with decades of experience, with a significantly younger individual with minimal relevant experience.

49. Defendant's state reasons for terminating Plaintiff were pretextual.

50. Defendant's actions were motivated by Plaintiff's age.

## COUNT I
### Age Discrimination – Age Discrimination in Employment Act
### (29 U.S.C. § 621 et seq.)

51. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-50 of this Complaint.

52. The ADEA prohibits employers from discharging or otherwise discriminating against an employee because of age.

53. Plaintiff was over forty years old and therefore within the protected class under the ADEA.

54. Plaintiff was qualified for his position and performed his job satisfactorily.

55. Defendant terminated Plaintiff's employment.

56. Defendant replaced Plaintiff with a substantially younger individual.

57. Plaintiff's age was a motivating factor and the but-for cause of Defendant's decision.

58. As a result of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits, and other damages.

## COUNT II
### Age Discrimination – Maine Human Rights Act
### (5 M.R.S. § 4572)

59. Plaintiff hereby repeats, realleges, and incorporates by reference the foregoing paragraphs 1-58 of this Complaint.

60. The Maine Human Rights Act prohibits employment discrimination on the basis of age.

61. Plaintiff was over forty years of age at all times relevant to this matter.

62. Defendant subjected Plaintiff to hostility, humiliation, and adverse employment actions including termination.

63. Defendant replaced Plaintiff with a substantially younger employee.

64. Defendant's conduct constitutes unlawful age discrimination under the MHRA.

65. Defendant acted willfully, maliciously, and with reckless disregard for Plaintiff's right to be free from discrimination in employment.

66. As a result of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter Judgment in favor of Plaintiff;
B. Award back pay and lost benefits;
C. Award reinstatement or front pay in lieu of reinstatement;
D. Award compensatory and punitive damages under the Maine Human Rights Act;
E. Award liquidated damages under the ADEA;
F. Award attorneys' fees and costs; and
G. Grant such other relief as the Court deems reasonable and just.

|  |  |
|---|---|
| <u>Dated</u>: March 10, 2026 | Respectfully Submitted,<br><br>*/s/ Andrew P. Cotter*<br>Andrew P. Cotter<br><br>*/s/ James A. Clifford*<br>James A. Clifford<br>CLIFFORD & CLIFFORD, LLC<br>10 Moulton Street, 5th Floor<br>Portland, ME 04101<br>(207) 613-9465<br>andrew@cliffordclifford.com<br>james@cliffordclifford.com |